

**U.S. Department of Justice**
Karin J. Immergut
United States Attorney
District of Oregon
1000 SW Third Avenue, Ste. 600     (503) 727-1000
Portland, OR 97204-2902     Fax: (503) 727-1117

June 22, 2006

Des Connall
Attorney at Law
1000 SW Broadway #1220
Portland, Or 97205

    RE:    United States v. Timothy Thayne
            CR 6-255 - MO

Dear Mr. Connall:

This letter sets forth the United States' plea offer to your client (hereafter, "the defendant") in the above-referenced case. The government expressly reserves the right to seek an indictment charging criminal conduct similar to or different from that outlined in this agreement in the event this offer is not accepted.

As previously stated, acceptance of this offer is expressly conditioned on the successful completion of a proffer pursuant to the proffer agreement submitted to you herewith.

1. Offense of conviction.

Defendant must agree to waive grand jury and plea guilty to an information alleging a single count charging that defendant knowingly attempt to travel in interstate commerce for the purpose of attempting to engage in a sexual act with a minor, all in violation of 18 U.S.C. § 2423(b), and that planning for the travel was accomplished by the use of a computer.

A violation of 18 U.S.C. § 2423(b) is punishable by a maximum term of incarceration of up to thirty years, a term of supervised release of four years, a fine not to exceed $250,000, and a $100 fee assessment.

2. Dismissal of Charges.

The government agrees to not file additional charges arising out of the instant conduct.

3. Base Offense Level.

Pursuant to U.S.S.G § 2G1.3(a), the parties agree that the base offense level is 24. The parties agree that U.S.S.G § 2G1.3(a) is the applicable guideline as set forth in the November 1, 2004 issue of the advisory United States Sentencing Guidelines.

4. Specific Offense Characteristics.

The parties agree that, pursuant to U.S.S.G § 2G1.3(b)(3), defendant's base offense level should be increased two levels because a computer and Internet-access device was used to persuade, induce or entice the victim and facilitated the travel by the defendant to engage in the prohibited sexual conduct.

5. Acceptance of Responsibility.

The parties agree to recommend that defendant's offense level should be reduced by three levels because defendant has timely accepted responsibility within the meaning of U.S.S.G. § 3E1.1. The United States reserves the right to argue that defendant has not accepted responsibility if defendant conduct subsequent to the execution of this plea agreement is inconsistent with acceptance of responsibility. Defendant understands and acknowledges that the commission of new criminal conduct is not consistent with acceptance of responsibility and may result in a recommendation of a denial of any reduction for acceptance of responsibility.

6. No Criminal History Stipulations.

Except as indicated above, both the defendant and the United States agree that there have been no agreements, express or implied, concerning the calculation of the defendant's criminal history, the criminal history score or the determination of whether the defendant is a career offender as defined by U.S.S.G. §4B1.1.

7. Additional departures.

The parties agree that the defendant may make application for a departure on the grounds of his choice, not to exceed three levels.

8. Full Disclosure.

Defendant understands that the government will fully inform the court and U.S. Probation of all known information concerning defendant and his offense for purpose of his sentencing.

9. Sentencing Within Guideline Range.

The parties agree to recommend that the defendant should be sentenced at the low end of the guideline range.

Des Connall
Thayne Plea Agreement
June 22, 2006
Page 3

10. No Crimes Pending Sentencing.

   The defendant agrees not to commit any violations of federal or state law prior to sentencing.

11. Effect of Breach.

   Should the defendant breach this agreement at any time, the United States will be free to charge the defendant with any crimes that are now known to the United States or any other crimes that may become known to the United States. Should the defendant breach this agreement at any time, it will be null and void and shall impose no obligations on the United States.

12. Waiver of Appeal/Post Conviction Relief.

   The defendant knowingly and voluntarily waives his right to file an appeal in this case. Defendant further knowingly and voluntarily waives his right to petition for post conviction relief or collateral review of his conviction, except concerning ineffective assistance of counselor retroactive application of the sentencing guidelines.

13. Waiver of Speedy Trial Claim.

   The defendant agrees that any time between the originally scheduled trial date and the date on which he enters his guilty plea should be deemed excludable time for purposes of the calculation of time under the Speedy Trial Act. The defendant waives any claim or defense under the Speedy Trial Act as to the time period between the originally scheduled trial date and the date on which he enters his guilty plea.

14. Acknowledgment of Court's Discretion.

   The defendant understands that sentencing rests within the sole discretion of the court, who is not bound by the parties' recommendations. The defendant understands that if the court does not impose the sentence that the defendant expected to receive, the defendant will not be allowed to withdraw his guilty plea for this reason.

15. No other promises or coercion.

There are no promises or agreements between the parties, either express or implied, other than those set forth above. The defendant acknowledges that no threats have been made against him by anyone in order to obtain his cooperation and signature to this agreement.

Very truly yours,

KARIN J. IMMERGUT
United States Attorney

*[signature]*

GREGORY R. NYHUS
Assistant United States Attorney

**I HAVE READ THIS AGREEMENT CAREFULLY AND REVIEWED EVERY PART OF IT WITH MY ATTORNEY. I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.**

*[signature]*      06/22/06

Timothy Thayne      Date
Defendant

**I REPRESENT THE DEFENDANT AS HIS LEGAL COUNSEL. I HAVE CAREFULLY REVIEWED EVERY PART OF THIS AGREEMENT WITH THE DEFENDANT AND TO MY KNOWLEDGE HIS DECISION TO ENTER INTO THIS AGREEMENT IS AN INFORMED AND VOLUNTARY ONE.**

*[signature]*      6/22/06

Des Connall      Date
Attorney for Defendant